MUNICIPALITY OF PONCE, PLAINTIFF AND APPELLANT, v.
SUCCESSION OF GELY, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Ponce in an Action for
the Demolition of Property.

No. 1510.—Decided April 17, 1917.

DEMOLITION OF STRUCTURE—MUNICIPAL ORDINANCE—COMPLAINT.—When an action
is brought to obtain a judgment for the demolition of a building constructed
contrary to a certain municipal ordinance which forbids the making of any
repairs to buildings situated in a certain section of the city without first mak-
ing their facades conform to those of the recently constructed buildings and
the style required by the importance of said section, it is not sufficient to
allege that the repairs were made "in violation of the municipal ordinance
and are not in harmony with the style of the city"; but it is necessary to
specify in what respect the said repairs do not conform to the other build-
ings and are not in harmony with the style required.

ID.—UNCONSTITUTIONALITY OF STATUTE.—The courts should hold that a statute
is unconstitutional only when both justice and necessity so require.

ID.—MUNICIPAL ORDINANCE—EMBELLISHMENT OF CITIES—DUE PROCESS OF LAW.—
It cannot be denied that the development and embellishment of modern cities
require that municipalities shall have wide powers for adopting and enforc-
ing measures to that end, regardless of how radical they may seem at first
sight; always provided, of course, that they do not unjustly oppress the
citizens or deprive them of their property without due process of law.

The facts are stated in the opinion.

*Messrs. N. R. Canales* and *Alfonso Lastra Charriez* for
the appellant.

*Mr. R. Martínez Nadal,* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

The Municipality of Ponce, represented by its mayor,
brought an action against the Succession of José Gely pray-
ing for the adoption of certain measures referring to a house
which was repaired without the permission of the plaintiff.
The complaint is divided into two parts, one of which is en-
titled "Question of Public Safety" and the other "Question
of Architecture."

Under the former it is alleged in substance that the de-
fendant is the owner of a house situated at the corner of De-
getau Square and Amor Street in Ponce; that the house
consists of two stories, the lower one being of masonry and

the upper of wood; that the mayor of Ponce instructed the municipal engineer to inspect the said house and as a result of such inspection it was found that a large part of the balcony was decayed and constituted a menace to passers-by; that the plaintiff thereupon notified the defendant to demolish all that part of the said building, including the balconies, which menaced the public safety, informing the defendant also that before doing so it should obtain the permission required by the municipal ordinances.   Various sections of the said ordinances are copied into the complaint.   Section 24 refers to structures in a dilapidated condition and provides, among other things, that "when the complaint is verified by such official reports as may be deemed necessary, the municipality shall order the owners of the dilapidated structures to demolish or construct them anew within a reasonable time to be fixed in each case by the municipal council; and in the event that the owners fail to comply with such orders, although legal proceedings may have been taken to enforce such compliance, the council shall order the demolition of the structures for account of the municipality, to be reimbursed from the proceeds of the sale of the lot at public auction, if necessary, without prejudice to its rights to enforce any criminal liability the owner may have incurred."   Section 36 provides that "applications for permits to make alterations (which are specified) shall be addressed to the mayor, who shall make the proper disposition thereof, and plans shall be required if deemed necessary for the purpose of considering the permit, and plans shall always be deemed necessary if any important alteration is to be made to the exterior of a structure in zones Nos. 1 and 2, provided that in no case shall it be allowed that any repairs be made to the frame buildings existing on Delicias Square and Federico Degetau Square, nor shall any repairs be allowed to be made to the buildings of masonry and wood without first making their facades conform to those of the recently constructed buildings and the style required by the importance of said squares."   Section 7 requires that

"all kinds of buildings, houses and public ways, and altera-
tions or removals which may affect public embellishment in
zones Nos. 1 and 2, shall first be authorized by the municipal
administration according to the laws governing the mat-
ter.   *   *   *"   Section 8 requires that "in the section known
as the 'Masonry Zone' of zone No. 1 all structures must be
built of masonry or iron, it being an indispensable requisite
that the facades of such buildings shall be placed on the line
of the street, and that no new frame building shall be allowed
nor any partitions or walls be removed or constructed which
would alter the arrangement of a frame house, with the ex-
ception of the part which, in the masonry houses already built,
may be of wood.   *   *   *   "   Section 25 provides that "on
all corner lots, in all new structures or buildings on corner
lots, in all buildings standing on a corner in which it is intended
to make changes or repairs, the municipality may order that
the building be in triangular shape, each of the sides adjoin-
ing the street to have a minimum measurement of three meters
from the corner of the lot exclusive of the width of the side-
walk.   *   *   *"   That in answer to the notification of the
plaintiff the defendant stated that it was disposed to sub-
stitute other wooden balconies for the balconies of the house
and that it hoped to be granted the neccessary permit to make
the substitution.   That the plaintiff answered the defendant
that in order to obtain such permit it was required by sections
34 and 35 of the ordinances to state in its application the extent
and object of the work and to submit a plan thereof.   At the
same time the plaintiff notified the defendant that it was
granted thirty days in which to demolish the balconies.   That
the defendant thereupon notified the plaintiff that it withdrew
its application to substitute the balconies, as it had decided
only to repair them, wherefore it asked that it be authorized
to raise the necessary scaffolding.   That the plaintiff refused
to grant such permit.   That the defendant, without complying
with the requirements prescribed by the ordinances, insisted
that it be granted a permit not only for raising the scaffolding

but to make the necessary repairs to the balconies. That two of the balusters of the balconies having fallen out, the plaintiff notified the defendant that it was necessary to tear down the balconies. That while matters were thus the plaintiff, on December 3, 1915, passed an ordinance which, after reciting all the foregoing facts and the reasons for reaching the conclusion that the house was in a dilapidated condition, declared that the said structure constituted a public nuisance and ordered that upon the expiration of the thirty days which the mayor had allowed the representative of the succession the mayor should proceed to enforce the provisions of section 34 of the ordinance, all for account, cost and risk of the owners of the building in question.

As to the "Question of Architecture," it is alleged literally as follows: "15. That later, or on December 15, 1915, Gispert, acting as attorney in fact and agent of the defendant succession, wilfully and maliciously disregarding the municipal ordinances in force and without asking for or obtaining a permit, proceeded at about 5 p. m. of December 15 to tear down the balconies of the said building, employing for said work ten or more carpenters under the direction of one Jacob Tur; that after the demolition of the balconies of said building the said Gispert then and there proceeded, employing the said carpenters under the direction of said Tur, to make repairs to the exterior of said building, they having worked all night in reconstructing a part of the balcony, repairing another part, putting in new sills and, in short, making important repairs without the authorization of the municipality, in violation of the municipal ordinances and not in harmony with the architecture of the city."

The complaint concludes with a prayer for judgment as follows: (1) That in the interest of public embellishment said succession demolish all that part of the house which was repaired in violation of the same and of the municipal ordinances in force; (2) that if the said defendant succession, after tearing down what had been reconstructed unlawfully,

should desire to make further repairs, it shall not be allowed until it has complied with the municipal ordinances in force regarding architectural style; (3) that said defendant succession shall not make repairs to the house in question, either in whole or in part, without first complying with the requirements of the said municipal ordinances; (4) that the defendant succession shall be compelled to demolish all decayed or useless work in the said structure which may threaten the public safety, and that in case the said defendant succession should fail to comply with this or the foregoing requirement, the marshal of this court shall be directed to do so at the cost of the said succession. It is further prayed that the said succession be ordered to pay the costs and expenses of this proceeding and the attorney fees.

The defendant filed a demurrer alleging that neither the municipality of Ponce nor its mayor was legally capacitated to bring this action, and that the complaint did not state facts sufficient to constitute a cause of action. After hearing the parties the district court rendered judgment on April 15, 1916, sustaining the demurrer on both grounds and dismissing the complaint without special imposition of costs. From that judgment the plaintiff took the present appeal.

As to the "Question of Public Safety," the District Court of Ponce, in a reasoned opinion, held that the only entity now capacitated in this island to bring an action at law for the abatement of a common nuisance is the People of Porto Rico by its district attorneys, and that this being the case, neither the Municipality nor the Mayor of Ponce had the necessary legal capacity to bring this action.

It is not necessary to decide that question in this case, for, as was also held by the trial court, the allegations of the plaintiff under the heading of "Question of Architecture" show that the dilapidated part of the building had been repaired when the complaint was filed.

Therefore this is not a case of a dilapidated structure. The real question is whether, after a building has been repaired

in the city of Ponce in contravention of the municipal ordinances, the municipality has the right to obtain a judgment in a court of law ordering the demolition of such repairs.

In the case of *Municipality of Ponce* v. *Solís, ante,* p. 117, this court, interpreting a certain section of the same ordinance now relied on by the Municipality of Ponce, laid down the following doctrine:

"When a municipal ordinance provides that a structure erected without a permit, or in abuse or violation thereof, shall be demolished at the cost of the owner if it be of a class whose construction could not be authorized or whose existence or alteration should not be allowed, it is not sufficient to show that the structure was erected without complying with the requirements of said ordinances; but it must also be proved that the construction could not be authorized or that it is of a class which should not be allowed to stand."

Let us examine the allegations of the complaint in the light of the foregoing doctrine.

The proviso of section 36 of the ordinance reproduced herein expressly provides "that in no case shall it be allowed that any repairs be made to the frame buildings existing in Delicias Square and Federico Degetau Square, nor shall any repairs be allowed to be made to the buildings of masonry and wood without first making their facades conform to those of the recently constructed buildings and the style required by the importance of said squares."

The building in question in this action faces on Degetau Square and is built of masonry and wood. Therefore, according to the ordinances, no repairs of any kind can be made thereto without first making its facade conform to the recently constructed buildings and the style required by the importance of said square.

Notwithstanding the length of the complaint, which covers thirteen pages of the record, it does not state whether the facade of the defendant's house was made to conform to the recently constructed buildings or in what respect the repairs

made were not in harmony with the style required by the importance of Degetau Square.

We have copied literally the plaintiff's allegations regarding the "Question of Architecture" and, as may be seen, they contain only the conclusion that the repairs were made "in violation of the municipal ordinances and are not in harmony with the style of the city." Such a conclusion would not justify the court in holding that sufficient facts are alleged to determine the necessity of a judgment ordering the demolition of the work done.

In its brief the appellee insists that this court should hold that the municipal ordinance of Ponce is unconstitutional. Only when both justice and necessity so require should the courts hold that a law is unconstitutional. Moreover, and in so far as refers to the nature of the ordinances discussed in this case, we will say that it cannot be denied that the development and embellishment of modern cities require that municipalities shall have wide powers for adopting and enforcing measures to that end regardless of how radical they may seem at first sight; always provided, of course, that they do not unjustly oppress the citizens or deprive them of their property without due process of law.

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.